HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. MILO L. BENNETT, }
HON. LUKE P. POLAND, } ASSISTANT JUDGES.

---

## STATE v. ABEL BUGBEE.

One who sells spirituous liquors as the servant of another, neither he nor his principal having any license, under the statutes of this state, is liable personally to indictment, although he acted without compensation in making the sale.

A single act of selling spirituous liquor, without license, constitutes an offence, under the statute of 1846.

Where a respondent is charged with distinct offences in different counts, and the jury return a general verdict of guilty, and it is apparent, that no evidence was given upon the trial, tending to prove one of the offences charged, the supreme court will not arrest the sentence by granting a new trial, but will render judgment upon those counts only, upon which the conviction was properly had.

State *v.* Bugbee.

INFORMATION, in two counts,—one for selling spirituous liquor in quantities less than one pint, the other for keeping tavern. Plea, not guilty, and trial by jury, June Term, 1848,—DAVIS, J., presiding.

On trial testimony was given on the part of the prosecution tending to prove, that the respondent, on the day alleged in the information, was present at a tent kept by one Hunt,—a caravan of animals being there exhibited,—and assisted Hunt in mixing and selling various kinds of spirituous liquors to many persons, who called for them and drank them and paid the respondent therefor, and that the respondent had no license granted him, under the statute, for so doing; and the declarations of the respondent were proved, tending to show, that he did assist Hunt, on that day, an hour or two, but that he did so without solicitation, and without compensation, and that he had no interest whatever in the business. There was also testimony tending to prove, that pies, cake and fruit were kept for sale at the tent.

The counsel for the respondent contended, that if the jury believed, from the evidence, that the respondent was acting gratuitously as the servant of Hunt, in the manner above indicated, he would not be responsible criminally, even though Hunt might have no legal authority to sell liquors; and that a single act of selling at a tent, on a public occasion, or even continuing to sell at one time for an hour or two, did not present a case within the true intent and meaning of the statute, as charged in either count of the information.

But the court instructed the jury, that in order to constitute dealing in spirituous liquors in quantities less than one pint, it was not necessary to find, that the respondent received any pecuniary benefit from the sale; that selling for another would subject the respondent to the same penalty, as if he were selling for himself, unless he had reason to believe, that his principal was legally authorized to sell in the manner he did; that the testimony on the part of the prosecution tended to prove, that the respondent had no license; that no evidence had been put in on the part of the prosecution, tending to show that Hunt had not a license, and that the respondent had put in none tending to show that he had, or that the respondent believed he had, at that time; that they could take judicial notice, in the ab-

sence of any proof either way, that neither the judges of the county court, nor any other body or board of men, had authority by law to grant licenses, extending to the period in question, to sell liquors, except for medicinal, chemical and mechanical purposes; and that nothing appeared in the case, nor was it claimed by the respondent, that the selling by the respondent, if any, was of that restricted character; and that a single act of unauthorized selling, and more especially a series of acts of that kind, for an hour or two, if they found such to be satisfactorily proved, would constitute the statute offence, as charged in one, or both, of the counts of the information.

The jury returned a verdict of guilty against the respondent. Exceptions by respondent.

*G. C. Cahoon* for respondent.

——————— state's attorney.

The opinion of the court was delivered by

BENNETT, J.   Two questions are raised in this case.   It is claimed, that if the respondent, in making the sale, acted gratuitously, as the mere servant of Hunt, he would not be personally liable to indictment, though Hunt had no license.   But we think this is not sound.   If the respondent justify the act of selling under Hunt, as his principal, he must show an authority in his principal to sell.   The agent, who does the act, can stand in no better situation than his principal. '   He justifies under him; and if the principal had no authority to sell, the agent could have none.

It was immaterial, whether the agent had a compensation for his services, or not.   He none the less made the sale for his principal, though he performed the acts of his agency gratuitously.   Hunt having had no license to sell, the respondent must stand as principal, so far as appertains to this prosecution.

The court were called upon to charge the jury, that a single act of selling without license did not constitute an offence, under the statute of 1846.   But we think it did.   The language is in substance the same, as in the statute of 1839; and that statute has received a judicial construction by this court.   If the respondent

attempted to justify under Hunt, it was for him to show Hunt's authority.

The court, it is true, told the jury, that if they found the facts proved according to what they had given them in charge, it would constitute the statute offence, as charged in *one* or *both* counts. There was no evidence tending to support the second count, and the jury should have been so charged. But the conviction on the first count was right. The court will not arrest the sentence by granting a new trial, but will sentence on that count alone, upon which the conviction was properly had, though the jury returned a general verdict of guilty. This is in analogy to cases, where there has been a general verdict of guilty on several counts, when a part of them are bad. The court in such case do not arrest the sentence, but proceed to sentence on the good counts alone.

The judgment of this court is, that the respondent take nothing by his exceptions, and he is sentenced to pay a fine of ten dollars and costs.