## ROBERTS *versus* O'CONNER.

In a suit to recover a penalty for selling intoxicating liquors, incurred under the fifth section of the Act of 1846, chap. 205, the fact that the defendant made the sale as the servant of another person, constitutes no defence.

In such an action, originated before a justice of the peace, no appeal lies from the District Court to this Court.

ON REPORT from *Nisi Prius,* WELLS, J. presiding.

DEBT, to recover a penalty for the unlawful sale of spirituous liquor. The action is founded upon the 5th section of the Act of 1846, chap. 205. It was appealed from a justice of the peace to the District Court, and thence to this Court.

It was admitted by the defendant *that* he delivered the liquor and received the pay for it; — *that* he was not licensed to sell such liquor; — and *that* the quantity was less than the revenue laws of the United States prescribed for importation into this country. It is also admitted by the plaintiff, *that* the store, in which the liquor was kept and sold, was the property of one Elliott; — *that* the liquor and other goods therein were his property; *that* the defendant was the hired servant of Elliott, who had, for some time previous, employed and paid him by the month, for tending the store; *that* the liquor was sold and the pay therefor received by the defendant as the agent, and for the benefit of Elliott. It was admitted that Elliott had no license to sell such liquors.

The case was submitted to the Court.

*W. Davis,* for the plaintiff.

*N. Abbott,* for the defendant.

HOWARD, J., orally — The first section of the Act provides, that no person shall be allowed " by himself, his clerk, servant

or agent, directly or indirectly to sell any wine" or other specified liquors, with some exceptions not applicable to this case.

The fifth section imposes a penalty upon any person, who " by himself, his clerk, servant or agent" shall make such sales.

The sixth section gives an action of debt, in the name of any person, to recover such penalty.

It is not denied that the sale made by the defendant was unlawful, but the defence set up is that he made it, not on his own account, but merely as the servant of another person ; in other words, that another person gave authority to the defendant to do an unlawful act. But no person had the right to give such authority, and it can furnish to the defendant no protection.

It is also urged in defence that the fifth section gives no right of action against one who sold merely as the servant of another. And the argument is, that the thirteenth section provides that money received by an agent may be recovered back, if he had notice that the sale was in violation of law.

Between those sections there is no conflict. This is not an action to recover back any money received by an agent. It is merely to enforce a penalty ; and for the maintenance of such an action, the facts admitted in this case, are sufficient.

But a question arises whether the action is righfully before this Court.

The seventh section authorizes an appeal to the District Court. That appeal was taken. But no further appeal is given by the law. The case is therefore wrongfully here, and must be dismissed. The plaintiff may look to the District Court for judgment. *Appeal dismissed.*