MORSE (BAIN v.). See Case No. 754.
MORSE v. BAIN. See Case No. 9,861.

---

## Case No. 9,855.

### MORSE v. DAVIS.

[5 Blatchf. 40.] [1]

#### Circuit Court, N. D. New York. May 2, 1862.

PATENTS — ACTION AT LAW — SPECIAL PLEA — AGENCY—HYPOTHETICAL PLEA—DEFENSE.

1. In an action at law for the infringement of letters patent, by selling to others to be used the patented improvement, a special plea set forth that the alleged selling, if any such was made by the defendant, was made by him solely as the agent of another person, and not for profit or on the account of the defendant, and that the defendant derived no profit or advantage whatever therefrom: Held, on special demurrer to the plea, that it was bad, because it was hypothetical and did not admit the cause of action set forth in the declaration, but sought to avoid, without admitting, the same; and that it was also bad, because it did not state the name of the person for whom the defendant claimed to have acted as agent.

2. Semble, that the facts set up in the plea would not constitute a defence.

This was an action on the case for the infringement of letters patent for an improvement in grass harvesters. The declaration alleged, that the defendant [George Davis] "unlawfully and wrongfully, and without the consent or allowance and against the will of the plaintiff [Albert W. Morse], did sell and vend to others to be used, the said improvement, in violation and infringement of the exclusive right so secured" to the plaintiff, &c. To this declaration the defendant pleaded the general issue and two special pleas. One of these special pleas set forth, "that the alleged selling and vending to others to be used, alleged in said declaration, if any such was made by the said defendant, was made by him solely as

1 [Reprinted by permission.]

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the agent of another person, and not for profit or on the account of the said defendant, and that the said defendant derived no profit or advantage whatever from the said alleged selling and vending," &c. To this plea the plaintiff demurred, and assigned as special causes of demurrer—1st. That said plea was hypothetical and did not admit the cause of action set forth in the declaration, but sought to avoid, without admitting, the same; 2d. That said plea did not state or show the name of the person for whom the defendant claimed to have acted as agent, in the selling and vending therein mentioned; 3d. That the facts stated in the plea did not constitute a defence to the cause of action set forth in the declaration. The defendant joined in demurrer.

HALL, District Judge. The plea is clearly bad, for the cause first assigned. Conger v. Johnston, 2 Denio, 96; Commercial Bank of Buffalo v. Sparrow, Id. 97, 105, 106; Arthur v. Brooks, 14 Barb. 533; Steph. Pl. 387, 388.

I am inclined to think that the plea is also bad for the cause secondly assigned. If the defendant is entitled to shield himself from prosecution on the ground that he was acting as the agent of another, the rules of pleading which require certainty, fulness, and precision in the statement of the facts in respect to which the issue is tendered, so as to enable the opposite party to make due preparation for the trial of the issue, would seem to require the statement of the name of the party in whose behalf the defendant acted. The plea gives the plaintiff no information which will enable him to take the proper measures to produce at the trial the proof necessary to rebut a prima facie case of agency which may be made by the defendant. The great objects to be obtained by special pleading—narrowing the controversy to a single and distinct issue, and apprising the opposite party of the precise character of the defence set up, in order that he may properly prepare for the trial of the issue—would be defeated, if this form of pleading should be allowed. The plea alleges the defendant's agency as the ground of the defence set up, and is, therefore, somewhat in the nature of the defence when the defendant justifies his act because he was acting under the rightful authority of another. It has some, though perhaps not a very close, analogy to the case of a defendant who makes cognizance and confesses the taking of goods or cattle, as the bailiff of another person, for rent in arrear. In making cognizance, in such a case, no skillful pleader would fail to state the name of the landlord under whose authority the seizure was made. Steph. Pl. 333; Gould, Pl. c. 4, §§ 23, 24. 28. In an action of trespass de bonis, when the defendant justifies the taking from the plaintiff's possession by the authority of the real owner of the property taken, would any special pleader suppose that a plea setting forth that the defendant took and carried away the property mention-

ed in the declaration, as the agent, and by the direction and authority, of the true and lawful owner thereof, and who had, at the time, the right to take possession, &c., would be good, even if it were not otherwise objectionable, without setting forth the name of the true and lawful owner? I think not; and though the cases are not parallel, it would seem that as much strictness as is required in those cases may properly be required in this; for, the plea in this case is much like a plea in abatement, and should, like such a plea, give the plaintiff a better writ, by distinctly stating the name of the party against whom the plaintiff's suit should have been brought. Aside from these considerations and authorities, it would seem that, on general principles of pleading and evidence, the name of the principal should be given. There can be no legal proof of agency which does not show that the agent has a principal; and, as the name of that principal must be known to the agent, he should be required to disclose it by his pleading, whenever he seeks immunity as having acted under the authority of such principal.

It is not strictly necessary to discuss the main question suggested by the cause of demurrer thirdly assigned, and I do not intend now to express any decided opinion upon that question. If the matters set up in the plea constitute a good defence, it must be taken upon the ground that a sale of patented articles or improvements by one person, as the mere agent of another, is not a selling or vending which renders the agent liable to an action for an infringement. The defence set up by this special plea can, therefore, if it be a legal defence, be given in evidence under the general issue. For this reason, I have examined the question, whether the facts alleged constitute a valid defence.

It is somewhat remarkable, that the researches of the counsel have not led to the discovery of any reported case, either in this country or in England, in which this question has been expressly adjudicated. It is, however, probable, that it has generally been deemed for the interest of patentees to proceed directly against the principal, in cases where sales of patented articles have been made by shopmen, clerks, and other agents; and this may be the reason that the question has not been authoritatively settled. The cases of Sawin v. Guild [Case No. 12,391], Sargent v. Larned [Id. 12,364], and Delano v. Scott [Id. 3,753], cited by the defendant's counsel, do not determine this question. In Sawin v. Guild [supra], the action was brought for the infringement of a patent right of the plaintiff's for machinery for cutting brad nails. The facts were stipulated by the parties, and they agreed that the defendant, as a deputy sheriff, by virtue of his office and of an execution against the plaintiffs, "seized and sold, on said execution, the materials of three of said patented machines, which were at the time complete and fit for operation, and be-

longed to the plaintiffs," and that the whole infringement of the patent consisted in such seizure and sale. Mr. Justice Story held, that a sale of a patented machine, within the prohibitions of the statute, must be a sale not of the materials of a machine, either separate or combined, but of a complete machine, with the right, express or implied, of using the same in the manner secured by the patent; that the officer had neither sold nor guaranteed a right to use the machine in the manner pointed out in the patent right; that he sold the materials as such, to be applied by the purchaser as he should by law have a right to apply them; and that there had been no infringement by tne sale by the officer, under the circumstances of that case. The plea demurred to in this case, if good in form, would admit that the defendant, as agent, did sell and vend to others to be used the plaintiff's patented improvement; and, therefore, the case of Sawin v. Guild [supra], does not decide the present one. Nevertheless, the opinions there avowed by Mr. Justice Story will deserve consideration, whenever the principles upon which the question of infringement must be determined are brought under discussion. In Sargent v. Larned [supra], the bill was filed for an account. One of the defendants was merely a workman in the employment of another, and it was very properly held, that no decree for an account could be had against him, because he had had nothing to do with any profits. The case, therefore, does not decide this case, nor is it of much importance in reference to the principles upon which the question of infringement should be determined. The case of Delano v. Scott [supra], did not present the precise question now under consideration. The language of the able and eminent judge who decided that case is, nevertheless, strongly in favor of the position maintained by the defendant's counsel, and it is most probable that he would have decided, if the question had been distinctly presented, that one who sold as the mere agent or clerk of another would not, under the statute under which that action was brought, be liable to an action for the treble damages which that act gave in cases of infringement. There were certainly some reasons for the construction which Judge Hopkinson was disposed to put upon that statute, which do not apply to a case under our present statute, which gives, by the verdict of a jury, only actual damages, and authorizes the court, in its discretion, to treble them.

There are, certainly, other cases and authorities which seem very strongly to sustain the position taken by the plaintiff's counsel in respect to the defence set up by this plea. This action is an action of tort, against the defendant as a wrong doer, and, certainly, as a general rule, a party cannot claim that no action shall be sustained against him for a tort, on the ground that he committed the injury as the agent of another. There is also a class of cases, where the principle involved is to some extent the same, and in which the course of decision has been uniform, that a sale by the agent is a selling by him, within the meaning of a statute making such sale criminal; and, if such construction is warranted in a criminal case, it would seem to be required also in a case of tnis character. In cases of indictments for selling spirituous liquors without license, it has been held to be no defence, that the defendant was acting as the agent of another. State v. Matthis, 1 Hill [S. C.] 37; Britain v. State, 3 Humph. 203; Com. v. Gillespie, 7 Serg. & R. 479; Com. v. Major, 6 Dana, 293; State v. Bugbee, 22 Vt. 32; Com. v. Hadley, 11 Metc. [Mass.] 66; Roberts v. O'Connor, 33 Me. 496; French v. People, 3 Parker, Cr. R. 114; State v. Bryant, 14 Mo. 340; State v. Haines, 35 N. H. 207. I confess that I thmk the principle of these cases will apply to that now under consideration; but I shall not decide the case upon this ground, as I prefer to remain at liberty to adopt such a conclusion upon the question, when hereafter presented, as further reflection and a fuller examination of the authorities shall then appcar to require.