## COMMONWEALTH *vs.* GEORGE DOWLING.

One who, merely as a servant of the proprietor, sells in the proprietor's absence can, if the other elements of the offence exist, be convicted under Gen. Sts. *c.* 87, § 7, of maintaining a tenement used for the illegal sale of intoxicating liquor.

On a criminal trial the foreman of the jury in reply to the question, "Is the prisoner at the bar guilty or not guilty?" answered, "Guilty, under the instructions of the court." The clerk minuted only the word "Guilty," and verified the entry by reading it to the jury, adding the words, "So, gentlemen, you all say," and the jury expressed no dissent. A motion was afterwards made, and overruled, that the clerk be ordered to record as the verdict the words, "Guilty, under the instructions of the court." *Held,* that the motion was properly overruled.

COMPLAINT to the Municipal Court of the city of Boston, under Gen. Sts. *c.* 87, § 7, charging the defendant with keeping and maintaining a tenement used for the illegal sale of intoxicating liquors.

At the trial in the Superior Court, before *Aldrich,* J., it appeared that the defendant sold intoxicating liquor in the premises described in the complaint, during the time set forth in the complaint, sometimes in the presence, and sometimes in the absence, of the proprietor.

The defendant offered evidence tending to show that he was not the owner or lessee of the tenement mentioned in the complaint, but simply a bar-tender, and requested the court to instruct the jury, that if he was merely a bar-tender, and not a proprietor, and had no pecuniary interest in the business, and acted only under the direction of the proprietor, he could not be found guilty under the complaint; that if he was not a proprietor or a lessee of the establishment mentioned in the complaint, he could not be convicted; that if he did not keep and maintain the establishment mentioned in the complaint, he could not be found guilty.

The court declined to give the instructions in the terms of the above requests, but did instruct the jury that if the defendant neither kept or maintained, nor aided in keeping or maintaining the tenement for the illegal purposes set forth in the complaint, he could not be rightfully convicted; but that it was not necessary for the government to prove that the defendant was the pro-

prietor or lessee of the tenement, and that if, upon all the evi-dence in the case, they were satisfied, beyond all reasonable doubt, that the defendant aided and assisted in keeping and maintaining the tenement or establishment for the purposes set forth in the complaint, and within the time therein mentioned, they would be authorized to find him guilty, although he only acted as the servant and agent or bar-tender of the proprietor, and under his direction.

" The jury returned a verdict of guilty, the foreman adding to the word ' Guilty ' the words ' under the instructions of the court,' and the clerk entered only the word ' Guilty.' Thereupon, in verifying the verdict in the usual form, the clerk read to the jury the verdict ' Guilty ' simply, and added the words, ' So, gentlemen, you all say.' No dissent was expressed by the jury, nor was anything further said at the time. The day after the verdict was returned, the defendant moved that the court instruct the clerk to record the verdict as returned by the jury, with the words added by the foreman. This the court refused to do." The defendant alleged exceptions.

*G. W. Searle & J. E. Fitzgerald,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

AMES, J. The exceptions find that the defendant sold intoxicating liquor in the described premises, sometimes in the presence of the proprietor, and sometimes also in his absence. If so, it was immaterial that he was merely a bar-tender, having no pecuniary interest in the business, and acting only under direction of the proprietor. If as a bar-tender or servant of the proprietor, he, in the absence of the proprietor, made sales of intoxicating liquors on the premises, he could lawfully be convicted of so aiding in the keeping and maintaining of the tenement for the illegal uses charged that he might be found guilty. In this state of the evidence, it does not appear that the case required any more formal definition of the aiding and assisting that would render him liable. *Commonwealth* v. *Gannett,* 1 Allen, 7. *Commonwealth* v. *Kimball,* 105 Mass. 465. As the verdict was finally affirmed by the jury as a general verdict of guilty, the alleged irregularity (if any) was effectually remedied.

*Exceptions overruled.*