## COMMONWEALTH *vs.* AUSTIN O'REILLY.

Hampden.   September 22. — 25, 1874.   MORTON & ENDICOTT, JJ.,
absent.

On a complaint under the St. of 1869, *c.* 415, § 36, for keeping intoxicating liquors with an intent to sell them in violation of law, it is sufficient to authorize a verdict of guilty, if it is proved that the defendant was in possession and exercising control of the liquors with intent to sell the same in violation of law, although he was not the owner of the liquors.

COMPLAINT under the St. of 1869, *c.* 415, § 36, alleging that the defendant on September 12, 1873, at Springfield, did keep intoxicating liquors with intent to sell the same in violation of law.

At the trial in the Superior Court, on appeal, before *Dewey*, J., one Randall, a deputy state constable, and one Maxfield a policeman, testified that on September 12, 1873, they went to a store in Lyman Street, in Springfield, when the defendant was present, and seized a quart of gin, two quarts of whiskey, and about twenty gallons of ale in a barrel; that there was a bar room in the building, with a bar in it; that there were glasses, sugar basin and other articles of bar room furniture in the room; that the liquors seized by them were behind the bar; and that two or three persons were present at the time, but were not drinking.

The defendant proved the following facts: The store in which the liquors were seized had been kept for several years by James A. O'Reilly, who died in June, 1873. At the time of his death he was doing an extensive business as a dealer in liquors. He left a will in which his wife, Joanna O'Reilly, was named executrix; and before his death, being sick, he had been unable to go to the store, and for a long time prior to his death, the defendant was his clerk in his store. The executrix testified that the defendant was employed by her to assist her in the settlement of her husband's estate; that she requested him to remain at the store to collect and pay bills and settle accounts; that the defendant never had any interest in her husband's business, or in the property in the store at his decease; that she did not recollect being in the store but three times since her husband's death, and that whether the liquors there at his decease had been sold or

whether the defendant had since bought other liquors and sold them there, she did not know; that no liquors had been sold in the store by the defendant to her knowledge, and she had never given him any authority to sell liquors. There was no evidence of any sales of liquor by the defendant. The will of James A. O'Reilly was duly proved on September 2, 1873.

The court gave instructions to the jury as to the evidence necessary to prove that liquors were kept with intent to sell, to which no objection was made. The defendant requested the court to instruct the jury that, in order to convict, the government must satisfy them that the defendant was the owner of the liquors alleged to have been kept by him. The court refused to give this instruction; and instructed the jury that it was sufficient to authorize a verdict against the defendant, if it was proved that he was in the possession of and exercising control of the liquors with intent to sell the same in violation of law.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. L. Smith*, for the defendant. 1. The complaint alleges that the defendant did keep intoxicating liquors with intent, &c. "To keep," in its obvious sense, implies proprietorship.

2. The instruction of the court assumed and suggested that the defendant was or might have been in possession of the liquors, and had control of them. But there was no evidence that he was in possession or exercised control of the liquors. On the contrary, it was proved that the liquors at the time of the seizure and for ten days previous thereto were in the exclusive possession and control of the executrix of the will of James A. O'Reilly. The instruction of the court was not called for nor warranted by the evidence in the case, and was of a character to mislead the jury.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The evidence was conflicting and was rightly submitted to the jury. The instruction given followed, and the instruction requested disregarded, the plain words of the statute, — "**own,** possess or keep." St. 1869, *c.* 415, §§ 31, 36.

*Exceptions overruled.*