COMMONWEALTH *vs.* EDWARD H. GALLIGAN & another.

Norfolk.   Jan. 28. — Feb. 26, 1887.   C. ALLEN & HOLMES, JJ., absent.

At the trial of an indictment against two persons for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, an instruction to the jury, that, "if one was the sole proprietor, and the other was present, aiding and abetting him in acts of proprietorship and control, both might be found guilty of maintaining the tenement," is erroneous.

At the trial of an indictment against A. and B. for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, a witness testified that the saloon, during the time named in the indictment, was, to his personal knowledge, A.'s. The defendants, on cross-examination, inquired of the witness what personal knowledge he had as to A.'s proprietorship of the saloon, and the witness answered that he knew from the books of the town assessors that the saloon was taxed to A.; that he had also seen a lease of the saloon to A. covering this period, although he did not know whether A. signed it, and knew nothing further about the lease except what C., the lessor and owner of the estate, had told him, A. not being present at the time; and that he had had a conversation with A. upon the street, during the time named in the indictment, in regard to carrying on the business there after the authorities had refused to grant a license for the place. The judge instructed the jury that the assessors' books, showing a taxation of the saloon to A., were not competent evidence that he was the proprietor; that what C. said about him or the lease in his absence was not evidence against him; and that an opinion founded on matters of that kind could not be called personal knowledge. *Held*, that the jury should have been instructed to disregard the testimony of the witness, except that part of it which contained the conversation with A.

INDICTMENT, against Edward H. Galligan and James Galligan, for keeping and maintaining a common nuisance, to wit,

a tenement in Canton, used for the illegal sale and illegal keeping of intoxicating liquors, on April 1, 1886, and on divers other days and times between that day and September 6, 1886. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows :

The defendants admitted that the tenement identified by the evidence as a saloon in Canton was, at different times during the time alleged, used for the illegal keeping and illegal sale of intoxicating liquors by some person. The government offered evidence tending to prove that both defendants were present in the saloon at such times, except that, as to some of the times, it was in doubt whether both were present. The issue was mainly as to the proprietorship of the saloon, and the relation of the defendants thereto and to each other. The evidence left it in doubt as to whether the defendants were joint proprietors of the saloon, or whether Edward was the proprietor and the employer of James, or whether James was the proprietor and the employer of Edward.

One Pushaw, a member of the bar, selectman, and special police officer, testified that the saloon, during the time named in the indictment, was, to his personal knowledge, Edward's. The defendants objected to this testimony, contending that the witness had no such personal knowledge, and asked the judge to strike out the testimony, but the judge refused the motion.

The defendants, on cross-examination, inquired of the witness what personal knowledge he had as to Edward's proprietorship of the saloon, and the witness answered that he knew from the books of the town assessors that the saloon was taxed to Edward; that he had also seen a lease of the saloon to Edward covering this period, although he did not know whether Edward signed it, and knew nothing further about the lease than what one Edwin Wentworth had told him, Edward not being present at the time; that Wentworth was the lessor and owner of the real estate, and that the witness had the lease as counsel for Wentworth in connection with contemplated legal proceedings depending upon it; and that he had had a conversation with Edward upon the street, during the time named in the indictment, in regard to carrying on the business there after the authorities had refused to grant a license for the place. The

defendants contended that the witness had no such personal knowledge as he had testified to, and that the information was not personal knowledge, and again moved to strike out the statement of the witness, that he had personal knowledge that the saloon was Edward's; but the judge refused so to do. The judge instructed the jury that the assessors' books, showing a taxation of the saloon to Edward, were not competent evidence that he was the proprietor; that what Wentworth said about him or the lease in his absence was not evidence against him ; and that an opinion founded on matters of that kind could not be called personal knowledge.

The defendants contended, and asked the judge to rule, that, if either defendant was the proprietor of the saloon, the other defendant would not be responsible for any act done by him in the presence of the proprietor ; that, to make a bar-keeper or agent responsible for the offence charged, the government must prove that he had, for some substantial portion of the time named, the sole charge and control of the tenement while it was used for the illegal business. The judge refused so to rule; and instructed the jury that, if one was the sole proprietor, and the other was present, aiding and abetting him in acts of proprietorship and control, both might be found guilty of maintaining the tenement.

The jury returned a verdict of guilty as to both defendants : and they alleged exceptions.

*J. L. Eldridge*, for the defendants.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

Field, J. The law, that, in misdemeanors, all who aid or assist others in committing the offence are principals, and equally guilty with those who actually commit it, has been applied with some limitations to the statutory offence charged in this indictment. In the cases where, in the opinions, this general rule of law has been declared, the evidence showed that the defendant either was the proprietor or for a longer or shorter time had had charge and control of the place alleged to have been kept and maintained as a common nuisance. *Commonwealth* v. *Kimball*, 105 Mass. 465. *Commonwealth* v. *Dowling*, 114 Mass. 259. *Commonwealth* v. *Burke*, 114 Mass. 261.

In *Commonwealth* v. *Churchill*, 136 Mass. 148, it was decided that, if the defendant was a servant of the proprietor, he could not be convicted on evidence that, in the tenement described in the indictment, he unlawfully sold intoxicating liquor in the presence, or under the actual personal supervision, of his employer. It may not be necessary, in order to convict a defendant who is an agent of the proprietor, that he should have had the sole charge and control of the tenement, but the instruction given was, that, if one of the defendants was the sole proprietor, and the other was present, aiding and abetting him " in acts of proprietorship and control, both might be found guilty." We think that this instruction was too indefinite, and may have misled the jury ; and, for this reason, the exceptions are sustained. The defendants could be jointly found guilty only by proof that they jointly kept or maintained the nuisance charged. If one was sole proprietor, and the other only kept or maintained the nuisance as his servant, under his direct personal supervision, the latter could not be convicted. If, however, the servant, in carrying on the business of his employer, and in the absence of his employer, was authorized by him to make illegal sales of intoxicating liquor, and made such sales, both could be found guilty of maintaining the nuisance.

From the cross-examination of the witness Pushaw, it appears that he had no personal knowledge that Edward H. Galligan was the proprietor of the saloon, and no knowledge of any fact that was competent evidence, except the conversation with Edward, the purport of which does not appear. If Edward, in that conversation, admitted that he was the proprietor, this admission was competent evidence against him. The jury should have been told that the testimony of Pushaw must be disregarded, except that part of it which contained the conversation with Edward. Whether that conversation was admissible against Edward we cannot determine, because we do not know what it was.                    *Exceptions sustained.*