COMMONWEALTH *vs.* WILLIAM DALE.

Suffolk.    March 21. — May 5, 1887.    FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

A person who has the charge and control of a shop, and carries on the business
thereof, although both the shop and the business are owned by another, may be
convicted of keeping open the shop on the Lord's day, in violation of the Pub.
Sts. *c.* 98, § 2; and, in the complaint for such violation, the shop is properly
described as his shop.

COMPLAINT on the Pub. Sts. *c.* 98, § 2, alleging that the
defendant kept open his shop in Boston, on November 21, 1886,
the same being the Lord's day, " for the purpose of doing busi-
ness therein, the same not being then and there works of necessity
or charity."

At the trial in the Superior Court, before *Mason,* J., it appeared
in evidence that the shop in question was a shop for the sale of
periodicals ; that said shop and the business thereof were owned
by one Mrs. Ellor, and not by the defendant ; that the defend-
ant was hired by Mrs. Ellor to take charge of said shop and to
manage the business thereof ; that Mrs. Ellor seldom visited the
shop ; and that, upon the day named in the complaint, the shop
was kept open by the defendant, and the business of selling
Sunday newspapers only was carried on therein by him.

The defendant requested the judge to rule as follows : " 1. To
warrant a finding that the defendant was guilty of the charge
set forth in the complaint, the jury must find that the defendant
kept open his shop unnecessarily for the purpose of doing busi-
ness therein on the Lord's day.    2. If the jury find that the
defendant kept his shop open simply for the purpose of selling
Sunday newspapers, and that selling Sunday newspapers on the
Lord's day was a necessity, then they should return a verdict of
not guilty.    3. Unless the jury find that the defendant was the
owner of the shop in question, they must return a verdict of not
guilty."

The judge refused to give the first and second rulings requested
by the defendant, and, in place of the third, instructed the jury,
that, if they found that the defendant had the charge and con-
trol of said shop and carried on the business thereof, and that he

opened said shop for the purpose of selling newspapers therein on the Lord's day, they should return a verdict of guilty; and that it was not necessary, in order to sustain the charge made in the complaint, to show that the defendant was the owner of said shop and of the business thereof.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. I. Badger*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J. The first two instructions requested by the defendant were properly refused. Upon the points raised by them the case of *Commonwealth* v. *Dextra*, 143 Mass. 28, is decisive. It appeared in evidence that the shop in question was a shop for the sale of periodicals; that the shop and the business thereof were owned by one Mrs. Ellor; and that the defendant was hired by Mrs. Ellor to take charge of the shop, and to manage the business thereof. The defendant asked the court to instruct the jury, that, unless they found " that the defendant was the owner of the shop in question, they must return a verdict of not guilty." The court rightly instructed the jury, that, if the defendant had charge and control of said shop, and carried on the business thereof, he might be convicted. In misdemeanors, all who knowingly and intentionally participate in the offence are principals, and may be convicted thereof, either jointly or severally. Thus, it has been held that a man who is not the owner of the house or tenement, or of the business conducted therein, but manages it as the agent of another, may be convicted of keeping a bawdy-house, or a liquor nuisance, or of maintaining a coal-yard which is a nuisance, or of keeping liquors with intent to sell. *Commonwealth* v. *Kimball*, 105 Mass. 465, and cases cited. *Commonwealth* v. *Dowling*, 114 Mass. 259. *Commonwealth* v. *O'Reilly*, 116 Mass. 15.

In the case at bar, the jury have found that the defendant had the charge and control of the shop, and carried on the business thereof; this implies that he had the direction and management of it, and could and did decide when it should be opened and closed. If he kept it open on the Lord's day, he aided and abetted in the commission of a misdemeanor, and may be convicted thereof.

The defendant contends that this rule does not apply in this case, because the words of the statute, " whoever on the Lord's day keeps open his shop " shall be punished, import that a man, to be subject to punishment, must be the owner of the shop. But this is not the necessary or natural construction. The ownership of the shop is immaterial. The offence is in keeping it open on the Lord's day against the public peace. If a man has the government and management of a shop and of its business, it may properly be described as his shop, and, if he keeps it open on the Lord's day, he makes an illegal use of it, and thus maintains, or aids in maintaining, a public nuisance.

*Exceptions overruled.*