COMMONWEALTH *vs.* MICHAEL J. MURPHY & another.

Essex.    November 1. — 22, 1887.    DEVENS & KNOWLTON, JJ., absent.

At the trial of a complaint against A. and B. for keeping and maintaining a tene-
ment used for the illegal sale and illegal keeping of intoxicating liquors, evi-
dence was introduced showing that both defendants had been seen in and about
the premises in question.  The defendants contended that one defendant was in
the employ of the other; and asked the judge to rule that, "if B. was employed
by A. as an assistant, on wages, and did not act in the absence of A., nor at any
time have sole charge of the premises, he cannot be convicted."  The judge
declined so to rule; but instructed the jury that, if B. assisted A. in keeping and
maintaining the premises as a nuisance, he would be liable to conviction upon
the complaint.  *Held*, that B. had good ground of exception.

COMPLAINT to the Police Court of Gloucester, against Michael
J. Murphy and David C. Godfrey, for keeping and maintaining
a common nuisance, to wit, a certain tenement in Gloucester,
used for the illegal sale and illegal keeping of intoxicating
liquors, on October 1, 1885, and on divers other days and times
between that day and March 26, 1886.

At the trial in the Superior Court, on appeal, before *Ham-
mond*, J., evidence was introduced showing that both defend-
ants had been seen in and about the premises in question.  The
defendants contended that one defendant was in the employ of
the other; and requested the following ruling: " If Godfrey was
employed by Murphy as an assistant, on wages, and did not act
in the absence of Murphy, nor at any time have sole charge of
the premises, he cannot be convicted."

The judge declined to give the instruction requested; but in-
structed the jury that, if the defendant Godfrey assisted Murphy
in keeping and maintaining the premises as a nuisance, he would
be liable to conviction upon this complaint.

The jury returned a verdict of guilty against each defendant;
and they alleged exceptions.

*H. P. Moulton*, for the defendants.

*H. C. Bliss*, Assistant Attorney General, for the Common-
wealth.

HOLMES, J.   The jury may fairly have understood that they
were instructed to convict the defendant Godfrey, although they

should find that Murphy was the sole proprietor, and that Godfrey's assistance was only that of a servant, rendered in Murphy's presence, and without exercising any kind of control over the premises. The case therefore falls within *Commonwealth* v. *Galligan*, 144 Mass. 171, which was decided after the ruling excepted to. See also *Commonwealth* v. *Churchill*, 136 Mass. 148, 151. This is the only exception argued, and is admitted not to affect the defendant Murphy.

*Exceptions of Godfrey sustained.*
*Exceptions of Murphy overruled.*