## STATE v. THOMAS McGUIRE.

An indictment for keeping spirituous liquor for sale may be maintained against one employed as bar-tender by the owner of a saloon where liquor is kept for sale.

INDICTMENT, for keeping spirituous liquor for sale. The defendant pleaded not guilty. The evidence was that the defendant is the son and servant of John McGuire, the owner of a saloon in Suncook village, and was employed by him as a bar-tender. A coupon receipt, showing the payment of a special tax to the United States by John McGuire, the principal, as a dealer in liquors, was displayed within the saloon when the officers, who entered under a search-warrant, found spirituous liquor. John McGuire was then and now is a resident of Suncook. The liquor found was kept for sale at the saloon. Neither the defendant nor his father was a town agent for the sale of spirituous liquor. Upon these facts, which were agreed to, the defendant moved that a verdict of acquittal be ordered. Motion denied, and the defendant excepted.

*D. B. Donovan*, for the defendant.

*N. E. Martin*, solicitor, for the state.

SMITH, J. In the absence of any brief or suggestion from the defendant, we suppose the ground taken by him is, that one who acts as the servant or agent of the owner of spirituous liquor illegally kept for sale cannot be convicted of such keeping unless he has assumed at least a temporary control of the liquor or of the premises where the liquor was kept, in the absence of the owner, or has participated in the illegal act of keeping in some less subordinate capacity than that of servant. If it be conceded that this is a correct statement of the law, still we think the defendant was properly convicted. A servant or agent is liable under the statute for unlawfully selling spirituous liquor, the property of his principal. *State* v. *Haines*, 35 N. H. 207; *Commonwealth* v. *Hadley*, 11 Met. 66; *State* v. *Bugbee*, 22 Vt. 32; *Roberts* v. *O'Conner*, 33 Me. 496. And it makes no difference whether the sales by the agent were made in the absence of the principal, or in his presence. So, also, the agent may be convicted of being a common seller, whether the sales were made in the presence or behind the back of his principal. *Commonwealth* v. *Churchill*, 136 Mass. 148, 151. The defendant was bar-tender in a liquor saloon. He knowingly aided in the continuous illegal business of keeping liquor for sale, and admits that he knew the liquor which he was employed to sell was kept for sale. The jury might well find that, as bar-tender, he had such possession and control of it, and such possession

and occupation of the saloon, as enabled him to make illegal sales, and that liquor was entrusted to him to expose and offer for sale, and to sell, without regard to the fact whether his employer was present or absent.    The fact that he acted as bartender being proved, the jury might well find, in the absence of evidence to the contrary, that the proprietor could not and would not always be present at all hours of the day and evening, and on every day during the time the business was being carried on, and that there would be times when the bar-tender would act without the immediate direction and supervision of his employer. If, then, it was material in order to sustain the indictment to show that the defendant exercised some control over the business of the saloon in the absence of the proprietor, there was evidence from which it was competent for the jury to find it.

We do not think, however, that the rule for which we understand the defendant contends is sound law.    The offence of keeping intoxicating liquor for sale is a misdemeanor, and all who assist others in committing such an offence are principals, and equally guilty with those who actually commit it.    The application of this law to statutory offences has some limitations (*State* v. *Rand*, 51 N. H. 361, *Commonwealth* v. *Willard*, 22 Pick. 476, *Commonwealth* v. *Galligan*, 144 Mass. 171); but this case does not come within any exception.    The defendant, employed as bar-keeper in the constant business of selling the liquor, is present, aiding and abetting his employer in keeping the liquor for sale.

It has been held that an indictment for keeping and maintaining a tenement used for the illegal sale of intoxicating liquor, declared by statute to be a nuisance, is not supported by proof that the defendant, who was a servant of the lessee of the premises, made illegal sales in the presence or under the direct personal supervision of his employer, but it must appear that he exercised some form of control over the premises, as by carrying on the business of his employer in his absence, however brief the time might be.    *Commonwealth* v. *Churchill, supra; Commonwealth* v. *Galligan, supra; Commonwealth* v. *Murphy*, 145 Mass. 250.    Whether the reasons that governed those cases have any application to this case need not be considered.    It is settled in this state that an indictment for keeping a nuisance respects not the ownership, but the criminal management of the property complained of, and that where there is evidence tending to implicate the defendant, it is immaterial whether he acted as principal, or as the servant or agent and by the command of another.    *State* v. *M'Gregor*, 41 N. H. 407, 412.    That case is decisive of this.    The purpose of the statute is to restrain and prevent the evils which arise from the unrestrained use and sale of intoxicating liquor.    It is the act of selling or keeping for sale which the statute condemns.    Generally, it may be said, the fact of ownership is immaterial.    Whether a person illegally sells or keeps for sale liquor, his own property

or that of another, the mischiefs which the statute aims to prevent are accomplished; even if the liquor were stolen, the illegal character of the sale or keeping for sale would not be thereby affected.

As there was competent evidence of the defendant's guilt, the entry must be

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.