COMMONWEALTH *vs.* EUGENE BRADY.

Plymouth.    October 17, 1888. — November 26, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Maintaining by Bar-keeper —*
*Evidence — Cross-Examination.*

At the trial of a complaint for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal keeping and sale of intoxicating liquors, there was evidence that the defendant was employed as a bar-keeper by the proprietor of a saloon so used, and that, during a portion of the time alleged, while such proprietor was absent therefrom, and the defendant was behind the bar, drunken persons were seen to come out of the saloon, one such apparently being ejected. *Held*, that the jury might properly find that during such time the defendant was keeping and maintaining the premises.

A witness, who testified, on direct examination, that during a portion of the time he was at the saloon on a number of occasions, and saw sales of hop beer, but no intoxicating liquors nor any sale or delivery of any, on cross-examination answered in the affirmative a question as to whether or not he was drunk near the saloon during that time. *Held*, that it could not be said, as matter of law, that the question was irrelevant.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement at Brockton, used for the illegal keeping and illegal sale of intoxicating liquors, from May 1, 1887, to December 13, 1887.

At the trial in the Superior Court, on appeal, before *Pitman,* J., evidence was introduced tending to show that the tenement in question was a saloon, of which one Sumpter was the proprietor; that the defendant was employed by Sumpter as a bar-keeper; that on December 12, 1887, while Sumpter was present and the defendant was behind the bar at work, intoxicating liquors were duly seized in the saloon; that, during October, 1887, while Sumpter was absent from the saloon and the de-

fendant was present behind the bar, several persons were seen to come out of the saloon intoxicated, one such apparently being ejected. A witness, called by the defendant, testified that, after October 1, 1887, and during the time alleged, he was at the saloon a number of times and saw sales of hop beer there, but no intoxicating liquors, and no delivery or sale of any. On cross-examination he was asked, against the defendant's objection, whether or not he was drunk near the premises during the last fall, that of 1887, and he testified that he was so drunk.

The defendant asked the judge to rule that there was not sufficient evidence of a control by the defendant of the saloon at any time when it was used for the illegal purpose alleged. The judge refused so to rule, the defendant excepting thereto, and gave suitable instructions to the jury as to the control of the saloon and the liability of the defendant as an agent, not otherwise excepted to.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge,* for the defendant.

*A. J. Waterman,* Attorney General, and *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. 1. The defendant, being clerk for the proprietor, is charged with keeping and maintaining the saloon. If he only acted as the proprietor's servant, under his direct personal supervision, he could not properly be convicted of this offence. But he might properly be convicted thereof, if, in the proprietor's absence, he made illegal sales, or otherwise assumed a temporary control of the premises. *Commonwealth* v. *Churchill,* 136 Mass. 148. *Commonwealth* v. *Galligan,* 144 Mass. 171. *Commonwealth* v. *Murphy,* 145 Mass. 250. In applying this rule to the present case, the jury might properly find, from the evidence stated in the bill of exceptions, that the defendant was keeping and maintaining the premises in October.

2. A witness cannot be asked in cross-examination, in order to affect his credibility, about his part in transactions irrelevant to the issue on trial. *Commonwealth* v. *Schaffner,* 146 Mass. 512. But the question whether the witness was not drunk near the saloon the last fall corresponded in time, and bore some relation to the subject, of his testimony. Ordinarily, such a question

would not be proper, merely for the purpose of throwing discredit upon a witness. But, in view of the witness's testimony on his direct examination, we cannot say, as matter of law, that the question was irrelevant. It was within the discretion of the presiding judge.          *Exceptions overruled.*