### STATE *vs.* LOUIS N. GRAVELIN AND JOHN DORSEY.

At the trial of an indictment under the nuisance act, Pub. Stat. R. I. cap. 80, for keeping a tenement used for the illegal sale of intoxicating liquors, the evidence showed the liquors to be wine, ale containing 4.94 per cent. by weight of alcohol, and beer containing 2.89 per cent. by weight of alcohol.

*Held,* that the presiding justice properly refused to charge the jury that there was no evidence that the liquors were intoxicating.

When two persons are indicted for maintaining a liquor nuisance, and it appears that one was sole proprietor and the other a servant under his direct personal supervision, the servant cannot be convicted.

A statute provided that the word intoxicating should include any liquor or mixture of liquors containing more than two per cent. by weight of alcohol, and prohibited the sale of intoxicating liquors.

*Held,* that the statute was constitutional and a valid exercise of the police powers of the State.

DEFENDANTS' petition for a new trial.

*January* 4, 1889. PER CURIAM. This is a petition by the defendants for a new trial of an indictment charging them with keeping and maintaining a tenement used for the illegal sale and

keeping of intoxicating liquors. The indictment was found under Pub. Stat. R. I. cap. 80. The petition is brought on the ground of errors in the rulings of the judge who presided at the trial.

The first error alleged is that the court refused to charge the jury " that the State has offered no evidence that the liquor taken at the defendants' place of business on July 13, 1887, was intoxicating." The testimony shows that said liquors consisted of ale, wine, and a keg of lager beer, and that upon analysis the lager beer was found to contain 2.89 per cent., and the ale 4.94 per cent. by weight of alcohol. ' Ale and lager beer, ale especially, have been recognized both in common speech and in our statutes as intoxicating liquors, and were so recognized before chapter 80 was enacted. We do not think the court erred in refusing to give the instruction as requested. *State* v. *Rush*, 13 R. I. 198 ; *State* v. *Hughes, ante*, p. 403.

The second error alleged is the refusal of the court to instruct the jury as follows : " If the jury find that one of said defendants, between January 1, 1887, and September 5, 1887, has been sole proprietor, or has had sole charge of said premises, and the other only kept or maintained the nuisance as his servant, under his direct personal supervision, the latter cannot be convicted." In *Commonwealth* v. *Galligan*, 144 Mass. 171, two persons were indicted for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, and the court decided that if one was the sole proprietor and the other only kept or maintained the nuisance as his servant, under his direct personal supervision, the latter could not be convicted. This decision is supported by *Commonwealth* v. *Churchill*, 136 Mass. 148, and *Commonwealth* v. *Murphy*, 145 Mass. 250. The request to charge was evidently framed with a view to these cases, and we think, upon the authority of these cases, that it should have been granted.

The third error alleged is the refusal of the court to charge that the provision of Pub. Laws R. I. cap. 634, of May 4, 1887, " Wherever the words intoxicating liquors shall be used in this act it shall be deemed to include ale, wine, rum, or other strong or malt liquors, . . . or any liquor or mixture of liquors which shall contain more than two per cent. by weight of alcohol," is

unconstitutional. We do not think the court erred in so refusing, the provision referred to being a legitimate exercise of police power. *Commonwealth* v. *Timothy,* 8 Gray, 480 ; *Commonwealth* v. *Anthes,* 12 Gray, 29 ; *Commonwealth* v. *Evans,* 132 Mass. 11 ; *State* v. *Smyth,* 14 R. I. 100.

We grant a new trial to the defendant Dorsey, who, according to the testimony, acted solely as servant for the defendant Gravelin, and deny a new trial to the defendant Gravelin who was the proprietor.                                           *Order accordingly.*