COMMONWEALTH *vs.* THOMAS G. MERRIAM.

Middlesex.    January 4, 1889. — January 5, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Sale by Servant.*

At the trial of a complaint on the Pub. Sts. c. 101, §§ 6, 7, for keeping and main-
taining a common nuisance, there was evidence that sales were made in the
tenement, which was shown to be used for the illegal sale of intoxicating
liquors, by the defendant, as well as by other persons when he was about the
premises; that he had the keys of the doors of the different rooms in it; that
the bills of a business there carried on, though made out in the name of a
company, were mostly paid by him; and that he told the complainant that, if
the complaint "could be settled or discontinued, he would stop selling hard
stuff." The judge refused to rule that there was no evidence of the defendant's
proprietorship sufficient to warrant a finding of guilty, or that, if he was acting
as an employee, he could not be convicted, but ruled that it must be proved
that he kept and maintained the nuisance during some part of the time alleged.
*Held*, that the defendant had no ground of exception.

COMPLAINT for keeping and maintaining a common nuisance,
to wit, a tenement in Woburn, used for the illegal sale and keep-
ing for sale of intoxicating liquors, from May 1, 1887, to Novem-
ber 12, 1887. Trial in the Superior Court, on appeal, before
*Thompson*, J., who allowed a bill of exceptions, in substance as
follows.

The government introduced evidence tending to prove that
during the time alleged intoxicating liquor was sold on the
premises to several parties; that sales were made by the de-
fendant; that the building was, at the time alleged, occupied
for the bottling of ginger ale, soda water, and lager beer; that
there was a bar-room in the rear of the premises where intoxi-
cating liquors were sold; that the bottling business was carried
on under the name and style of the American Bottling Com-
pany, to which goods sent there were always addressed; that
at the times the sales of intoxicating liquors were made, per-
sons other than the defendant were in and about the building,
attending to work that was being done there; that bills were
made out to the American Bottling Company, and were mostly

paid by the defendant, but sometimes by other parties : that when the sales testified to were made, the defendant was about the place, sometimes in one of the rooms and sometimes in another, and personally made sales; that when the sales were made by the defendant, other persons by whom sales were made were about the premises attending to and looking after the business, and present in the room where the sales were made ; that on one occasion the chief of police visited the place, and asked the defendant to unlock one of the doors between different rooms, and the defendant did so ; and that after the complaint was made, the defendant said to the complainant that, if the complaint could be settled or discontinued, he would stop selling hard stuff.

The defendant asked the judge to rule as follows : 1st, "that there was not sufficient evidence that the defendant was proprietor during the time set forth in the complaint to warrant the jury in finding the defendant guilty"; and 2dly, "that, if the circumstances relied on by the government are consistent with the fact that the defendant might have been acting as a servant or employee of another, the defendant could not be convicted, it being incumbent on the government to prove that the defendant was in fact the proprietor or keeper for his own use."

The judge declined so to rule, and ruled as follows : "That the government must prove that the defendant kept and maintained the place during some portion of the time named in the complaint for the illegal sale or the illegal keeping and exposure for sale of intoxicating liquor; that if the defendant was in sole charge of the premises, and while in such charge sold or exposed for sale intoxicating liquors contrary to law, that would be a maintaining and keeping within the meaning of the statute, and render the defendant liable under this complaint."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs to all the judges.

*E. Avery & M. T. Allen*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. The evidence clearly shows that the tenement named in the complaint was used for the illegal sale of

intoxicating liquors. There was evidence that sales were made by the defendant, that he was about the premises when sales were made by other persons, that he had the keys of the doors of the different rooms, that the bills of the business, though made out in the name of the " American Bottling Company," were mostly paid by him, and that, after this complaint was made, he said to the complainant that, if it " could be settled or discontinued, he would stop selling hard stuff." These were acts and declarations indicating that he was the owner or in control of the premises, and the evidence was properly submitted to the jury, and justified them in finding that the defendant was the keeper of the tenement.

The instructions requested by the defendant, except so far as covered by the instructions given, were properly refused. The court ruled that the government must prove that the defendant kept and maintained the tenement for the sale of intoxicating liquor during some part of the time named in the complaint. It could not properly rule as requested, that, if the defendant was acting as a servant or employee of another, he could not be convicted. A servant who illegally sells intoxicating liquor in a tenement, in the presence and under the direction and supervision of his master, cannot be convicted of keeping and maintaining the tenement. But if the master intrusts to him the management and control of the business, and he carries it on in the absence of his employer, both the employer and the servant may be convicted of keeping and maintaining the tenement. *Commonwealth* v. *Churchill*, 136 Mass. 148. *Commonwealth* v. *Galligan*, 144 Mass. 171. *Commonwealth* v. *Murphy*, 145 Mass. 250.

The instructions given to the jury were in conformity with these decisions, and were correct.

*Exceptions overruled.*