## STATE *vs.* JOHN W. SULLIVAN.

Cumberland.    Opinion April 15, 1891.

*Intoxicating Liquors.    Nuisance.    Principal and Servant.    Stat. 1887, c. 140, § 34.*

One who participates in the commission of the misdemeanor of keeping a liquor nuisance to such an extent as to render himself criminally liable at all, is liable as a principal, and may be indicted, convicted and punished as such, although the capacity in which he acted was that of a clerk, agent or servant merely.

ON EXCEPTIONS.

The case appears in the opinion.

*C. P. Mattocks and W. H. Looney,* for defendant.

*Frank W. Robinson,* county attorney, for state.

WALTON, J.    The defendant has been tried and convicted of keeping a liquor nuisance.    The exceptions state that the government introduced evidence tending to show that the defendant "assisted in keeping the nuisance described in the indictment," and that the presiding justice instructed the jury that if the defendant "was assisting the proprietor in keeping the shop, he would be equally guilty with the actual owners."

The defendant's counsel insist that this instruction was wrong. They claim that when one is indicted for keeping a nuisance, he can not be rightfully convicted upon proof that he merely assisted in keeping it; that the distinction between a keeper and an assistant is in such a case material, and should not be disregarded in preparing the indictment.

There is certainly good sense in the suggestion that things ought to be called by their right names; and if it were a new question, it would be worthy of consideration whether a mere clerk, agent, or servant, ought, in any case, to be indicted and convicted as a principal.    But the question is not a new one. We regard the law as perfectly well settled that one who participates in the commission of a misdemeanor, to such an extent as to render himself criminally liable at all, is liable as

a principal, and may be indicted, convicted and punished as such, although the capacity in which he acted was that of a clerk, agent, or servant merely.

Thus, in *Com.* v. *Dale*, 144 Mass. 363, the defendant was charged with keeping open his shop on the Lord's day. The proof was that the shop and the business were owned by another, and that the defendant was only a clerk or servant. And it was insisted in defense that upon such a complaint and such proof, the defendant could not be rightfully convicted. But the court held otherwise.

"In misdemeanors," said Chief Justice Morton, "all who knowingly and intentionally participate in the offense are principals, and may be convicted thereof either jointly or severally. Thus, it has been held that a man who is not the owner of the house or tenement, or of the business conducted therein, but manages it as the agent of another, may be convicted of keeping a bawdy house, or a liquor nuisance, or of maintaining a coal-yard which is a nuisance, or of keeping liquors with intent to sell." And he cites: *Com.* v. *Kimball*, 105 Mass. 465, and cases therein cited; and *Com.* v. *Dowling*, 114 Mass. 259, and *Com.* v. *O'Reilly*, 116 Mass. 15. And we may add *State* v. *Murdoch*, 71 Maine, 454, in this state.

It has been decided in Massachusetts, that under their law a servant can not be convicted of keeping a liquor nuisance upon evidence that he sold liquor, if the sales were made in the presence of his employer, and under his direct personal supervision and control. *Com.* v. *Churchill*, 136 Mass. 148; *Com.* v. *Galligan*, 144 Mass. 171. And on the strength of these decisions a similar decision has been made in Rhode Island. *State* v. *Gravelin*, 16 R. I. 407.

But such is not the law in this state. Our statute (Amendatory Act of 1887, chap. 140,) expressly declares that any clerk, agent, or other person, in the employment or on the premises of another, who violates, or in any manner aids or assists in violating, any act relating to intoxicating liquors, is equally guilty with the principal, and shall suffer like penalties. And if such were the law in Massachusetts, there is no reason to

doubt that their courts would hold that any one aiding or assisting in the keeping of a liquor nuisance, might be indicted, convicted and sentenced, as if he were the principal.

It is the opinion of the court, that, in this case, the rulings of the justice of the Superior Court were correct, and that the motion in arrest of judgment was rightly overruled.

*Exceptions overruled.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.