CHARLES H. BURTON *vs.* EDWARD FRYE.

Suffolk.  Jan. 15.— March 25, 1885.  FIELD, DEVENS, & COLBURN, JJ., absent.

It seems that Rule 15 of the Superior Court, providing that no motion to amend, in matters of substance, shall be allowed, except upon payment of a term fee to the adverse party, does not apply to a plea *puis darrein continuance.*

In an action by a mariner on an account annexed for work and labor, the declaration did not describe the voyage. The defendant filed a plea of a release and discharge, which was equally general. By the U. S. Rev. Sts. § 4552, discharges from vessels engaged in certain voyages are required to be before a shipping commissioner. *Held,* that the discharge in question, which did not purport to be signed in the presence of a shipping commissioner, was not void on the face of the pleadings, and was admissible in evidence.

Under the U. S. Rev. Sts. § 4504, a discharge of a mariner from a vessel engaged in a voyage to " the West Indies and return " is not required to be signed in the presence of a shipping commissioner.

CONTRACT to recover for services as steward and mariner on the schooner Winner, of which the defendant was master, from January 2, 1883, to March 19, 1883, at $35 per month, the balance claimed amounting to $86 and interest. After an appeal from the Municipal Court to the Superior Court, the defendant was allowed, without costs, to file an amended answer, setting forth a settlement and release under seal. The plaintiff filed a replication, denying the signature, and alleging fraud and covin in obtaining the same; also, that the release was void under the provisions of the U. S. Rev. Sts. § 4552.

At the trial in the Superior Court, before *Blodgett,* J., the defendant introduced evidence that the claim was a disputed one, and that the plaintiff on receiving $35 signed the release, which was read to him by the subscribing witness. The release was, against the plaintiff's objection, admitted in evidence. The

judge refused to instruct the jury, as requested by the plaintiff, that under the United States statutes the release could have no effect as a discharge of the cause of action, unless signed in the presence of a United States shipping commissioner. The judge also instructed the jury, that if the plaintiff signed the release with knowledge of its contents, and without there being any fraud or deception, this was a full discharge of the claim; and that no other question was open under the pleadings. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*T. J. Morrison*, for the plaintiff.

*J. B. Richardson*, for the defendant.

HOLMES, J. 1. The allowance without costs of the amendment by which the defendant pleaded a release *puis darrein continuance* was not excepted to, and, if there was any error, it was waived. We do not understand, however, that Rule 15 of the Superior Court * applies to pleas *puis darrein continuance.*

2. The plaintiff declared generally on an account annexed for work done as mariner and steward of the schooner Winner, without specifying the voyage. The plea of release was equally general. Whatever the scope of the replication, therefore, the release was not void on the face of the pleadings, and was admissible in evidence.

Furthermore, the plaintiff's evidence was of a voyage to the West Indies and return, a case in which either no one was required to perform the duties of a shipping commissioner, or the defendant, who was the master, was authorized to perform them. U. S. Rev. Sts. § 4504. See *United States* v. *The Grace Lothrop*, 95 U. S. 527. So that, even on the plaintiff's evidence and the interpretation of that section in the way most favorable to him, the release was admissible, subject to the effect of any evidence that might show that the requirements of law had not been complied with.

3. The plaintiff offered no such evidence, nor can we discover anything in the bill of exceptions which would warrant a jury

---

* "No motion to amend, in matters of substance, shall be allowed after the entry of an action, unless by consent, in any case where the adverse party appears, except upon payment to such adverse party of the amount of the term fee provided by law."

in finding that the defendant had not done all that the statutes required him to do, if anything is so required. He pleaded the release, and therefore must be taken to have approved it. It follows, not only that the request for a ruling was incorrect by § 4504, but that on the whole bill of exceptions there is no evidence that the release was not valid.

4. It also follows, that the ruling given was correct on the pleadings and evidence, and therefore it is unnecessary to consider whether it was correct on the pleadings alone.

The foregoing grounds are sufficient for the decision of the case, without passing upon the others that were argued at the bar. *Exceptions overruled.*