## BRIDGET M. BRICK *vs.* GEORGE L. BOSWORTH.

Hampden.   September 25, 1894. — November 27, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Loss of Life — Employers' Liability Act — Notice of " Cause " — Exceptions — Due Care.*

If a bill of exceptions states that certain requests for rulings were presented to the judge, who declined to give them, and that the exceptions allowed are to " this refusal to rule as requested and the rulings of the court as made," and contains the judge's charge reported in full, the exception to " the rulings of the court as made " may be treated, not as an exception to the charge as a whole,

but as saving exceptions to those rulings which were at variance with the rulings requested, and to which the attention of the judge was specially directed by the requests.

A notice to an employer that, at a time and place named, his servant was instantly killed by "the falling of a derrick upon him on account of the same being improperly or insecurely fastened," sufficiently states the cause of the injury to permit a recovery under St. 1887, c. 270, § 1, cl. 1 or 2.

A bill of exceptions stated that "during the delivery of the. charge the plaintiff's counsel prepared the following requests for rulings, which he believed were proper because of the matter in the charge and the omissions therein, and at the close of the charge requested the court to give them," which the court declined to do. *Held,* that the questions raised by the requests were important and leading points in the case, on which counsel might assume that proper instructions would be given without requests therefor, and that he was not cut off from the presentation of them by the rule that requires requests for instructions on hypothetical statements of fact to be made before the arguments.

At the trial of an action under the employers' liability act, St. 1887, c. 270, §§ 1, 2, for the death of the plaintiff's husband while in the defendant's employ, caused by the fall upon him of a derrick, which was alleged to have been in a defective condition and negligently managed by the defendant's superintendent, the plaintiff is entitled to have the jury instructed that "the same care that people of ordinary prudence would exercise under the same circumstances" was all that was required of the deceased.

TORT, under the employers' liability act, St. 1887, c. 270, §§ 1, 2, by the widow of Jeremiah J. Brick, for causing his death. The declaration contained two counts, the first of which alleged that Brick was in the employ of the defendant, who used a derrick in connection with his work; that, while Brick was in the exercise of due care, the derrick fell upon him and instantly killed him, or he died without conscious suffering; and that the derrick was in a defective and unsafe condition, owing to the negligence of the defendant or of some one in his service and intrusted by him with the duty of seeing that the derrick was in proper condition. The second count alleged that Brick was working under one Phillips, who was employed by the defendant as a foreman, and was intrusted with and exercised superintendence over the work, or whose sole or principal duty was that of superintendence; and that, by reason of the negligence of Phillips in superintending the work, on November 8, 1892, the accident occurred. At the trial in the Superior Court, before *Fessenden,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*T. B. O'Donnell,* for the plaintiff.

*W. H. Brooks,* for the defendant.

KNOWLTON, J. It does not appear in this case that any requests for instructions to the jury were made by either party before the judge's charge. The bill of exceptions states that " during the delivery of the charge the plaintiff's counsel prepared the following requests for rulings, which he believed were proper because of the matter in the charge and the omissions therein, and at the close of the charge requested the court to give them. . . . First, that the notice was sufficient as matter of law. Second, if the superintendent was negligent in any orders he gave in relation to the putting in of the post or the moving of the derrick under the second count, and which negligence caused the accident, the plaintiff is entitled to recover on this part of the case. Third, if the plaintiff's deceased exercised the same care that people of ordinary prudence would exercise under the same circumstances, the plaintiff may recover. Fourth, even if the deceased assisted in placing the post, under the direction of Mr. Phillips, and did not understand and appreciate the danger of the risk, the plaintiff is entitled to recover on this branch of the case." The court declined to give any of them. The exceptions allowed are to " this refusal to rule as requested and the rulings of the court as made," and to " the ruling and instruction in regard to the assumption of the risks of the business by the plaintiff's deceased." The bill of exceptions contains all of the evidence, and the judge's charge reported in full. If the exception to " the rulings of the court as made " is to be treated as an exception to the charge as a whole, it cannot avail the plaintiff for the correction of specific errors which were not pointed out, unless it appears that there was some substantial error which misled the jury and resulted in a mistrial. *Curry* v. *Porter,* 125 Mass. 94. *Rock* v. *Indian Orchard Mills,* 142 Mass. 522. But it may be fairly treated as saving to the plaintiff exceptions to those rulings which were at variance with the rulings requested, and to which the attention of the judge was specially directed by the requests.

The judge submitted to the jury the question of the sufficiency of the notice in regard to its statement of the cause of the injury, and in closing this part of the charge used these words : " If you are satisfied under this evidence, by a fair preponderance, that the defendant was not · misled, then the notice is sufficient ; if

you are not so satisfied, then your verdict should be ·for the defendant." The notice was treated as if it required the aid of a finding of fact under St. 1887, c. 270, § 3. No testimony was introduced for the purpose of showing that the defendant was not misled, and the jury were not instructed in regard to the kind of proof that might be resorted to for maintenance of this proposition, and there is nothing to indicate that the subject had been discussed in their hearing. The judge had previously said in his charge to the jury, "The only question is whether this notice is a sufficient one in one of its aspects under the statute." He treated it as sufficient in regard to the time and place, and we infer that he deemed it inaccurate by reason of its failure to designate the kind of negligence which caused the accident, so as to show the defendant upon which of the first two clauses of the statute of 1887, c. 270, § 1, the plaintiff relied. But the notice was not inaccurate in this particular.* It was sufficiently full and specific to entitle the plaintiff to recover under either clause of the statute applicable to such negligence. *Lynch* v. *Allyn*, 160 Mass. 248. *Donahoe* v. *Old Colony Railroad*, 153 Mass. 356. *Whitman* v. *Groveland*, 131 Mass. 553, 555. The jury should have been instructed in accordance with the plaintiff's request, " that the notice was sufficient as matter of law."

It is contended that the request came too late, and that the plaintiff cannot now avail herself of it. It is true that, in order to be entitled as a matter of right to have instructions given upon a hypothetical state of facts which may be found from the evidence, a party must seasonably present a request in writing to the judge, and the ordinary rule of practice which has been

---

* The notice, which was dated December 7, 1892, addressed to the defendant, and signed by the plaintiff, was as follows:

" You are hereby notified that on the eighth day of November, 1892, my husband Jeremiah J. Brick, while in your employ, was instantly killed or died without conscious suffering. The place where my said husband was instantly killed or died without conscious suffering was between Cabot Street and the railroad of the Connecticut River Railroad Company, near the Connecticut River in said Holyoke, and at the place where a new mill was being erected, supposed to belong to the Riverside Paper Company of said Holyoke. The cause of the death of my said husband was the falling of a derrick upon him on account of the same being improperly or insecurely fastened."

approved by this court is that such a request must be made before the arguments. But a party may well assume that, without special requests therefor, the judge will properly instruct the jury on the leading points of the case, and if at the close of the charge he observes that the judge has omitted to refer to important matters which ought to be explained to the jury, or thinks he has instructed erroneously in regard to them, he may bring the omissions or errors to the attention of the court, and ask for proper instructions. This practice saves the judge from the necessity of dealing with elaborate, complicated prayers for rulings without an opportunity for reflection, and at the same time saves the parties their right to exceptions if the judge neglects and refuses to instruct upon the important questions in the case. Pub. Sts. c. 153, § 8. Rule 50 of the Superior Court. *Ela* v. *Cockshott*, 119 Mass. 416. *McMahon* v. *O' Connor*, 137 Mass. 216.

The requests in the present case were prepared " during the delivery of the charge," apparently somewhat hastily, and they should not be construed too strictly against the plaintiff. The first request to which we have referred is perfect in form, and correct as a proposition of law. The third request, which ends with the words " the plaintiff may recover," calls for a definition of " due care " as applied to the plaintiff's conduct, and the quoted words must be interpreted as meaning " may recover if she proves the negligence alleged against the defendant." The presiding justice had instructed the jury at considerable length on the subject of the plaintiff's care, which was an important part of the case, and he used the words " due care " many times, but he gave the jury no standard by which to determine what " due care " was. The only explanatory phrase was the expression " proper care," which occurs once in this part of the charge. We think the plaintiff was entitled to have the jury told, on her request, that " the same care that people of ordinary prudence would exercise under the same circumstances " was all that was required of the plaintiff's husband.

Without considering questions raised upon other parts of the charge, we are of the opinion that, for these reasons, the entry must be,

*Exceptions sustained.*