ALBERT LEWIS *vs.* BOSTON GAS LIGHT COMPANY.
DANIEL GOODNOW *vs.* SAME.

Suffolk.     January 7, 1896. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*Injury to Building by Explosion of Gas — Evidence.*

In an action against a gas company for injuries occasioned to the plaintiff's building by an explosion of gas that escaped from the defendant's main pipe, which had been laid in the street and which was found broken, the break having been caused by the subsidence of the soil under the pipe at the place of fracture, evidence having some tendency to show that the defendant knew that the gas pipe at this place frequently leaked, and that these leaks might be caused by the settling of the pipe in consequence of the subsidence of the soil in which the pipe had been laid, is properly admitted.

At the trial of an action against a gas company for injuries occasioned to the plaintiff's building by an explosion of gas that escaped from the defendant's main pipe, which had been laid in the street and which was found broken, the break having been caused by the subsidence of the soil under the pipe at the place of fracture, a witness called by the defendant as an expert testified, on direct examination, that he superintended the laying of the pipes in this street, and gave his opinion upon the propriety of digging down under the bed of a

pipe when laying it to see what was under it, and on cross-examination gave his reasons for his opinion. *Held*, that it was within the discretion of the judge, for the purpose of affecting the value of the witness's opinions and his credibility, to permit a question to be put to him, on cross-examination, the object of which was to show that he took a different course in laying pipes on another street from the course taken on the street where the explosion occurred.

Two ACTIONS OF TORT, for injuries occasioned to the buildings of the plaintiffs respectively by an explosion of gas in another building on Mercantile Street in Boston. The cases were tried together in the Superior Court, before *Bishop*, J.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions, which appear in the opinion.

*W. E. L. Dillaway & J. P. Parmenter*, for the defendant.

*E. B. Goodsell*, for the plaintiffs.

FIELD, C. J. These are two actions of tort, to recover damages for injuries caused to the buildings of the plaintiffs by an explosion of illuminating gas in a store on the side of Mercantile Street in Boston, opposite to the buildings of the plaintiffs. The explosion took place on December 15, 1888. The gas escaped from the defendant's main pipe, which had been laid in Mercantile Street and was found broken, and the evidence was that the break was caused by the subsidence of the soil under the pipe at the place of fracture, and that the gas had entered the store from the pipe through the fracture by underground passages in the soil. The main was laid in the year 1881. The street was accepted by the city in the year 1856. The contention of the plaintiffs was that Mercantile Street had been built upon a cob wharf, or log wharf, where there had been a dump, and where dirt and rubbish of all sorts had been thrown in on top, and that the main was negligently and carelessly laid, and had been negligently and carelessly maintained by the defendant. The jury returned verdicts for the plaintiffs, and the only exceptions are to the admission of certain evidence.

The testimony of the witness Grover, which was first admitted against the objection of the defendant, was, in effect, that for some time before the accident he had seen holes and depressions in the street, near the place of the accident, and that there seemed to be a settling down of the street. There was no evi-

dence that the defendant was notified of this. But the nature of the holes and depressions described by the witness was such that it was for the jury to say whether the defendant did not know of them, or by the exercise of due care would not have known of them, and whether they did not indicate that the soil in the street was likely to settle or to be washed out, and thus cause the main pipe to break or become loose in the joints. This witness also testified, against the objection of the defendant, that he smelt gas in the street near the place of the explosion at different times before the accident, and that he had notified the defendant of the smell of gas, and that he saw people digging there for breaks in the gas pipes, and that their tools were branded " B. G. L. Co.," and that this was the mark on the tools of the men who came down to stop the leaks of gas after he gave notice. All this testimony had some tendency to show that the company knew that the gas pipe at this place frequently leaked, and that these leaks might be caused by the settling of the pipe in consequence of the subsidence of the soil in which the pipe had been laid. We think that the testimony of this witness was properly admitted. If any of it was somewhat remote with reference to the occasions testified to, it was still within the discretion of the presiding justice to admit it.

The testimony of the witness McMillan is of the same character as that of Grover, and was properly admitted.

The defendant also excepted to the admission of certain testimony on the cross-examination of Durell, who was a witness called by the defendant. Durell was an expert who had been for forty years in the employ of the defendant, and was superintendent of its street department, and he testified on direct examination, among other things, that he superintended the laying of the pipes in Mercantile Street, and had at different times superintended the laying of over one hundred miles of pipe in Boston, and that the pipe laid in Mercantile Street was as good as the average pipe. He was asked to give an opinion upon the propriety of digging down under the bed of a pipe when laying it to see what was under the pipe, and he answered, " I do not think it would be a very good plan." On cross-examination, he was asked his reasons for this opinion, and he answered, " Because, if you dig up good fair solid ground, when

you come to fill up again and put your pipe down, you could not get the ground back so good as it was in the first place." He was then asked, " You could have provided against it, if you had discovered it ? " and he answered, " I do not know as I could." By discovering it, we suppose was meant discovering the nature of the soil underlying the pipe, or the liability of the pipe to settle.  He was then asked, " If, in 1881, he had found the condition of things which he found there in 1888, what course different from the one he took he would have taken ? " and he answered, in effect, that he would have got some dirt and filled it up level, and made it as solid as he could under the circumstances, and laid his pipe over that.  He was then asked, " If he had had any occasion of that character when he was with the company," and he said that " he did not remember any particular cases."  All this testimony was received without objection.  The exceptions then recite as follows :  " He was then asked if he did not lay the pipes on Beacon Street, and if he remembered a case where the ground fell away from time to time, and the pipe broke, and he answered, subject to the defendant's objection and exception, that when he was superintendent there were leaks in a pipe in the Milldam on Beacon Street, and he changed the position of the gas pipe by moving it about six feet towards the middle of the street, and relaying it for about twelve hundred feet over the top of an old sea wall that was there under the street ; that he graded off the top of the wall, and filled up in places where the wall had gone, to get an even foundation ; that the object of the change was to prevent the gas escaping from breaks in the mains, and collecting in the sea wall.  The plaintiffs' counsel stated that the object of this examination was to show that the witness took a different course in laying pipes on Beacon Street from the course that he took on Mercantile Street.  There was evidence that on Mercantile Street there was a sea wall which was used to support the foundation of the front of buildings on the street, but there was no evidence of any sea wall under the street."

We assume that it would not have been competent for the plaintiffs to prove by this witness how he laid pipes in Beacon Street for the purpose of showing that he laid them carelessly in Mercantile Street.  But for the purpose of affecting the value

of his opinions, as given in his direct examination, and his credibility, we think that it was within the discretion of the presiding justice to permit the question objected to to be asked on cross-examination. No objection was taken to the charge of the presiding justice, and no request was made to limit the application of the testimony of Durell, admitted on cross-examination, to matters affecting his credit as a witness. See *Phillips* v. *Marblehead*, 148 Mass. 326. We see no error of law in the exceptions.                         *Exceptions overruled.*