WALTER H. QUIMBY *vs.* HERBERT JAY.

Worcester.   October 2, 1907. — December 30, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil*, Exceptions, Conduct of trial, Amendment.   *Rules of Court.*

Under Common Law Rule 48 of the Rules of the Superior Court of 1900, the judge presiding at a trial was warranted in refusing to grant requests for rulings presented to him after the arguments to the jury had begun, and the questions raised by such requests are not before this court on an exception to such refusal only, no exception having been taken to any portion of the charge to the jury.

In an action by a real estate broker for a commission for procuring an exchange of real estate for the defendant, the answer was a general denial merely. At the trial, evidence was introduced without objection tending to show that the plaintiff had misrepresented to the defendants the value of the property which the plaintiff had received in the exchange and that the plaintiff had had an interest therein ; and both counsel, in their arguments to the jury, discussed those

grounds of defence, and the presiding judge in his charge stated the law with regard thereto. The jury found for the defendant. After the plaintiff had filed a bill of exceptions as to certain other rulings of the presiding judge, the defendant was allowed without terms to amend his answer so as to include the special defences of fraud and double employment, and the plaintiff excepted. *Held,* that it was doubtful whether Common Law Rule 5 of the Superior Court, requiring the payment of a double term fee on the allowance of certain amendments without consent, applied; but that, at any rate, the exception must be overruled because it did not appear that the plaintiff was harmed by the allowance of the amendment.

CONTRACT for a commission alleged to have been earned by the plaintiff, a real estate broker, in procuring for the defendant an exchange of two farms of his in Millbury for a block of buildings in Somerville. Writ in the Superior Court for the county of Worcester dated April 30, 1904.

There was a trial before *Pierce,* J. Although the answer was a general denial merely, evidence was introduced without objection tending to show that the plaintiff had made to the defendant false representations as to the value of the Somerville real estate and had not acted in good faith in the matter, but himself had an interest in the Somerville property, and the defendant's counsel in his argument relied in part upon such evidence and the plaintiff's counsel replied to the merits of such argument. The facts with regard to the remainder of the course of the trial, as well as the exceptions taken by the plaintiff, are stated in the opinion.

*B. W. Potter,* for the plaintiff.

*W. Thayer,* (*F. A. Walker* with him,) for the defendant.

MORTON, J. The objection that the defences of double employment and of fraud were not open under the pleadings was taken by the plaintiff for the first time during the closing argument for the defendant. Requests for rulings to that effect were then drawn up by the plaintiff and presented to the presiding judge who declined to receive them on the ground that they were too late under Rule 48 of the Rules of 1900 of the Superior Court * which was the rule in force at the time of the trial. The plaintiff called the attention of the court to them again at the conclusion of the charge, and again the presiding judge stated that he declined to receive them because presented too late.

---

* Now incorporated in Common Law Rule 45.

Thereupon the plaintiff excepted to the refusal of the court to rule as thus requested.  No exception was taken to the charge, or to those portions of it which dealt with the questions of fraud and double employment, unless the exception thus taken to the refusal to rule as requested can be so treated.  We do not see how it can be.  This case differs from that of *Brick* v. *Bosworth,* 162 Mass. 334.  In that case there not only was an exception taken to the refusal of the court to rule as requested but also "to the rulings of the court as made," which was regarded by this court as saving to the plaintiff an exception to the instructions so far as they were at varience with the rulings requested. Nothing of the kind took place here.  The only exception taken was to the refusal to rule as requested.  There was no exception to the instructions which were given.  If an exception had been taken in any form to the instructions, the plaintiff's rights would have been saved under *Brick* v. *Bosworth, supra.*  Very likely the plaintiff intended, by his exception to the refusal to give the rulings asked for, to except also to the instructions that were given in regard to the matters to which the rulings related, and supposed that he had done so.  But we must take the case as it stands and we do not see how the exception which was taken can be fairly construed to include an exception to the charge. The presiding judge had a right under the rule to decline to receive the requests, and there is nothing to show that the right was improperly exercised.

Before the allowance of the exceptions the defendant moved to amend his answer by setting up fraud and double employment. " The court found that the amendment did not change the issue tried, or any question of evidence raised at the trial, and that the case had been fully and fairly tried upon the merits, and against the plaintiff's objection allowed the amendment and the plaintiff excepted."  There can be no doubt of the power of the court to allow an amendment at any time before final judgment. R. L. c. 173, § 48.  The plaintiff objects that there was a violation of Rule 5 of the Superior Court * in allowing the amendment without the imposition of a double term fee.  We doubt whether that rule applies.  See *Burton* v. *Frye,* 139 Mass. 131 ;

---

* This is Common Law Rule 5 now in force.  The amendment was allowed June 25, 1907.

*Goodrich* v. *Bodurtha*, 6 Gray, 323; *Brickett* v. *Davis*, 21 Pick. 404. But the conclusive answer to the plaintiff's exception to the allowance of the amendment is that, as the case stands, it must be taken to have been tried upon the merits without regard to the insufficiency of the answer, and the amendment could, therefore, even if improperly allowed, have done the plaintiff no harm. See *Denham* v. *Bryant*, 139 Mass. 110.

*Exceptions overruled.*