HERMAN ZAMORE vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 6, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions, Requests for rulings.   *Rules of Court.*

If a judge in charging a jury leaves to them for their consideration a matter as to
which no evidence had been introduced, the proper course for the party injured
is to call the judge's attention to the error after the charge, and, if the judge
then refuses to correct the charge in that particular, an exception by the object-
ing party will be sustained.

By a bill of exceptions of the plaintiff in an action of tort against a street rail-
way company to recover for injuries alleged to have been received by the plain-
tiff by reason of his being thrown from a car of the defendant, it appeared that,
in his charge to the jury, the judge presiding at the trial erroneously had left to
their consideration a matter as to which no evidence had been introduced; that,
at the close of the charge, the plaintiff for the first time had presented to the
judge in writing a request for a ruling that no such evidence had been intro-
duced, that the judge "refused to give any further instructions," and that the
plaintiff excepted to such refusal.  The reason for the refusal was not stated.
*Held,* that the exception must be overruled since it did not appear affirmatively
in the bill that the judge had received or read the request, (which he was not
bound to do since it was presented too late,) or that his attention had been called
to the error in his charge.

A request for a ruling which is not applicable to the facts in evidence properly may
be refused.

TORT for personal injuries alleged to have been received by
the plaintiff by reason of his being thrown from the rear plat-
form of a street car of the defendant because it was run too
rapidly around a curve.   Writ in the Superior Court for the
county of Suffolk dated December 30, 1904.

There was a trial before *Hardy, J.*   At the close of the evi-
dence, and before the judge's charge, the plaintiff made the
following requests for rulings:  " (1) Passengers on street cars
are not required to expect that on turning a curve in the street
that the car will be driven at a rapid rate, but on the contrary
they may reasonably expect a careful driver to slacken the speed
of the car.   (2) Passengers have a right to believe that the car
will be operated in view of the fact that some of the passengers
may be standing in the car or on the platform."

At the close of the charge, under the circumstances stated in the opinion, the plaintiff made the following further requests for rulings :

" (3)  There is no evidence in the case that the plaintiff had rheumatism; the testimony as to what Mrs. Zamore said respecting rheumatism, if made, can only be considered to affect her credibility and not to prove the fact that the plaintiff had rheumatism.  (4)  It is not necessary for plaintiff to show that the rate of speed rounding the curve was unusual or extraordinary if it was moved at such a rate of speed round the curve as to make it likely to throw people off standing on the rear platform, in what the jury would consider a safe position.  (5)  The plaintiff was not bound to anticipate that the car might be run at an unusual rate of speed either before reaching the curve or while rounding it, even though the jury may find that he heard the conductor tell the motorman that they were three or four minutes late.  (6)  Passengers have a right to believe that the car will be operated in view of the fact that some of the passengers are or may be standing in the car or on the platform, provided such position was reasonably safe."

As stated in the opinion, the presiding judge refused to give "any further instructions," there was a verdict for the defendant, and the plaintiff excepted.

*F. S. Elliot*, for the plaintiff.

*W. H. Foster*, (*H. S. MacPherson* with him,) for the defendant.

LORING, J.   The plaintiff in this case boarded the defendant's car at the Norfolk Street terminus of its Dorchester route.   He took his stand on the rear platform.   Some six or seven hundred feet from the terminus there is a curve in Norfolk Street, with a radius of about one hundred and seventy-five feet.   As the car in question went around this curve, the plaintiff was thrown or fell into the street, and this action is brought to recover compensation for that injury.

The evidence was conflicting as to the speed of the car as it entered on and went around this curve.   There was evidence that the plaintiff was intoxicated.

A witness called by the defendant was allowed to testify that the plaintiff's sister in law told him immediately after the acci-

dent that the plaintiff "had been suffering from rheumatism, which accounted for his unsteadiness on his feet." This was admitted as a statement in contradiction of testimony previously given by the sister in law, one Mrs. Zamore, who had testified as a witness for the plaintiff, as affecting her credibility. In his charge to the jury the presiding judge said: "And it is for you to say whether the fact of the combination, the drinking of this liquor, the fact of standing upon the rear platform, the fact that he was in a state of partial lameness by reason of any rheumatism he had suffered from, if you find there was any such fact, is a circumstance to be taken into consideration."

Before the judge's charge, the plaintiff presented in writing two requests for rulings, referred to in the bill of exceptions as numbered one and two. After the charge was made, he presented four more requests, referred to in the bill of exceptions as numbered three to six. The statement of the bill of exceptions is: " The court refused to give any further instructions." " To the refusal of the court to give . . . numbers one to six, inclusive, the plaintiff duly excepted."

There was no evidence in the case that the plaintiff had had rheumatism, and if the plaintiff had stated to the judge what is set forth in the first ruling presented after the charge (being ruling numbered three) and had excepted to that portion of the charge in which the judge assumed that there was such evidence, it would have been his duty to correct it; and, if not corrected, the exception would have had to be sustained. But the plaintiff did not do this, and the question is whether what he did shall be treated as its equivalent. The case differs from both *Brick* v. *Bosworth*, 162 Mass. 334, and *Quimby* v. *Jay*, 196 Mass. 584.

In *Brick* v. *Bosworth*, 162 Mass. 334, as in the case at bar, the plaintiff's counsel on the conclusion of the charge presented certain rulings to the judge. It is stated in the exceptions in that case that these rulings were prepared by the plaintiff's counsel during the delivery of the charge, " because of matter in the charge and the omissions therein." It is not specified that this was stated to the judge. The judge declined to give any of the rulings. Thereupon the plaintiff excepted to "this refusal to rule as requested and the rulings of the court as made." It was held that these exceptions should be treated as exceptions to those

portions of the charge which were at variance with the rulings asked for.

In *Quimby* v. *Jay*, 196 Mass. 584, a point was taken for the first time by the plaintiff during the closing arguments of the defendant that a certain contention was not open under the pleadings, and rulings to that effect were then written out and handed to the judge. The judge " declined to receive them on the ground that they were too late under Rule 48 of the Rules of 1900 [of the Superior Court]." *

In the case at bar the judge was not bound to receive requests for rulings when the rulings here in question were presented. But he was bound, as we have said, to correct errors in his charge. It does not affirmatively appear why he " refused to give any further instructions." It may be that he thought that they were intended to be (what they purported to be) further instructions, and refused to give them because they were presented too late. In other words, on this bill of exceptions the plaintiff has not made it apparent that the judge accepted the last four requests for rulings although presented too late and then refused to give them because he thought that they were wrong. Under the general rule that the burden is on the plaintiff to show error (see for example *Devine* v. *Boston & Albany Railroad*, 159 Mass. 348; *Smith* v. *Jagoe*, 172 Mass. 538) this burden was on him, and that burden has not been sustained.

We are also of opinion that the plaintiff has not made it apparent that he brought the fact to the attention of the judge that he was complaining of that portion of the charge which is in fact dealt with in this ruling. Under the rule we have already referred to, the burden was on him to do so in his bill of exceptions, and that burden, in our opinion, he has not sustained.

This disposes of all the rulings presented after the charge was at an end.

There is nothing in the other exceptions argued. The first ruling asked for was defective in leaving out the kind of curve which the curve in question was. With this correction the rul-

---

* " All requests for instructions shall be made in writing before the closing arguments unless special leave is given to present further requests later." · · ·

ing was given. The second ruling would be true if the car had been so crowded that the plaintiff had to stand on the platform, or if the motorman knew that he was on the platform, with the consent of the conductor. The evidence showed that the car was almost empty, and there is no evidence of the second fact.

The exception to the admission of evidence was waived at the argument.

*Exceptions overruled.*