COMMONWEALTH *vs.* LUTHER GOMS.

Middlesex.    November 19, 1924, January 27, 1925. — April 15, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Intoxicating Liquor.    Witness,* Cross-examination.    *Jurisdiction.    Practice, Criminal,* Conduct of trial: cross-examination, charge.

It is within the discretionary power of a judge presiding at the trial of a complaint for illegal sale of intoxicating liquor to exclude a question asked of a witness for the Commonwealth, who admittedly had been employed by a city marshal to secure evidence of illegal sales of intoxicating liquor, "Did you tell the city marshal that you had talked with . . . [the defendant] and that he had agreed to try and get for you a quart of whiskey?"

At the trial of the complaint above described, there was evidence tending to show that a witness for the Commonwealth, having on a previous day asked the defendant to get whiskey for him, went to a store on the main street of a city and that the defendant there delivered to him rum for which the witness paid him money, which previously had been marked and which at once was identified by officers who came upon a signal by the witness. *Held,* that

(1) It was proper to refuse to rule, "If all the evidence is just as consistent with the theory of the commission of an offense other than the one alleged, it is the jury's duty to find the defendant not guilty";

(2) It was proper to refuse to rule, "If any other offense than an illegal sale is proven and that is an offense under the United States Volstead Act and not under our statutes, then this court has no jurisdiction and a verdict of not guilty should be returned";

(3) It was proper to charge the jury, "If you believe all the evidence as presented by the Commonwealth, you would be justified in finding the defendant guilty."

COMPLAINT, received and sworn to in the District Court of Marlborough on March 15, 1924, charging that the defendant on March 14, 1924, "did unlawfully sell . . . one

quart of rum . . . not then and there having any license or authority to sell intoxicating liquor."

On appeal to the Superior Court, the action was tried before *Bacon,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. One Richard Handley, in the employ of the city marshal and employed for the purpose of procuring evidence against liquor sellers, was called by the Commonwealth and testified that on a day previous to March 14, 1924, he met the defendant near freight sheds in Marlborough and asked the defendant to get for him a quart of whiskey. There was evidence that on March 14 the defendant met Handley in a market store on the main street in the business section of Marlborough, and one quart of rum, admitted to be intoxicating liquor, was delivered to Handley by the defendant; that Handley passed over to the defendant the sum of $3, which had been previously on the same date given to Handley by the city marshal. Other evidence tended to show that at once, on a signal by Handley, a police officer and the city marshal of Marlborough confronted him and the defendant, took the liquor from Handley, and asked him if he got it from the defendant; that Handley replied affirmatively, but that the defendant denied the sale; that the city marshal then asked the defendant to show his money; that he did so; and that the bills delivered to him by Handley, which previously had been marked for identification, were disclosed.

Handley was asked on cross-examination, "Did you tell the city marshal that you had talked with Mr. Goms and that he had agreed to try and get for you a quart of whiskey?" The question was excluded subject to exception by the defendant.

The defendant asked, among others, for the following rulings;

2. "If all the evidence is just as consistent with the theory of the commission of an offense other than the one alleged, it is the jury's duty to find the defendant not guilty."

5. "If any other offense than an illegal sale is proven and that is an offense under the United States Volstead Act and

not under our statutes, then this court has no jurisdiction and a verdict of not guilty should be returned."

A material portion of the charge is described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*H. Hogan & E. J. Shaughnessy,* for the defendant.

*A. K. Reading,* District Attorney, *& A. Leonard,* Assistant District Attorney, for the Commonwealth.

WAIT, J.    These exceptions are without merit.

The limit of cross-examination was within the discretion of the judge; and there is nothing to show that the discretion was arbitrarily exercised, or that the defendant was prejudiced by the exclusion of the question put to Handley. *Commonwealth* v. *Phelps,* 210 Mass. 109, 114.    *Jennings* v. *Rooney,* 183 Mass. 577, 579, and cases cited.    There was no claim that Handley was not employed to secure evidence of illegal sales, and that his inquiry of the defendant was not part of a plan to secure evidence against him.

The second and fifth requests for instructions did not state the law and could not be given.    The defendant has not argued them in his brief and we treat them as waived.    It is clear that, where complaint is made that a resident of Massachusetts has made a sale of intoxicating liquor in Massachusetts, the courts of the Commonwealth have jurisdiction of the offence and of the offender.    The jurisdiction to determine the case is not destroyed although it may appear at the trial that the defendant, even if what he has done would subject him to conviction in another forum, has committed no offence against the law of Massachusetts and therefore must be found not guilty.

The exception to the portion of the charge: "If you believe all the evidence as presented by the government you would be justified in finding the defendant guilty," cannot be sustained.    The language used is not an expression of opinion but an instruction of law that the evidence referred to if believed sets out facts sufficient to justify a verdict of guilty.    It is clearly right.    The delivery of liquor in such a store as the evidence described to one not resident on the

premises, was enough to prove a sale.   G. L. c. 138, § 59. *Commonwealth* v. *Leach,* 246 Mass. 464, 476.

The bill of exceptions states that the judge instructed the jury with regard to the difference between one who sells and one who purchases as agent for another.   The charge was not excepted to in any other respect and must be taken to have been adequate to protect fully the rights of the defendant.

*Exceptions overruled.*