COMMONWEALTH *vs.* THOMAS A. CASS. August 27, 1981. The defendant was found guilty of armed robbery. His defense was that one Walsh borrowed the defendant's pickup truck and committed the robbery without the defendant's knowledge. The defendant claimed that, also without his knowledge, Walsh involved him in the handling of the stolen materials.

1. At trial, the prosecutor attempted to undermine the defendant's testimony by showing that the defendant had selected the same lawyer as

had been hired by Walsh. The Commonwealth's position was that this conduct by the defendant was inconsistent with his testimony that he was the innocent victim of Walsh. See *Lewis* v. *Boston Gas Light Co.,* 165 Mass. 411, 414-415 (1896); *Langan* v. *Pianowski,* 307 Mass. 149, 151-152 (1940); 3A Wigmore, Evidence § 1040 (Chadbourn rev. 1970).

The defendant claims that the prosecutor sought to urge an improper inference from the defendant's exercise of his constitutional right to an attorney by questioning him on this issue. Cf. *Commonwealth* v. *Sazama,* 339 Mass. 154, 158 (1959). We note that the defendant did not object to the first inquiry, see *Commonwealth* v. *Cepulonis,* 374 Mass. 487, 500 (1978), and that when the defendant was questioned a second time, the judge sustained his objection. Trial counsel did not seek any curative instructions. In final argument the prosecutor improperly brought up the matter again, *Commonwealth* v. *Ryan,* 8 Mass. App. Ct. 941 (1979), and after the defendant objected, the judge instructed the jury to disregard that part of the prosecutor's argument. In addition, the judge opened his charge by stating that the use of Walsh's lawyer by the defendant "should be . . . no concern of yours, whatsoever, and that it is not properly before you, and it really has no place in this trial." When asked at the bench conference after the judge's charge whether there was anything further he wanted, defense counsel said there was nothing.

We need not consider whether the reference to the defendant's choice of counsel was proper for impeachment purposes, as in any event, if there was error, the matter was firmly and effectively corrected at trial. "Defense counsel's failure to request further instructions" either at the time of the exclusion of the evidence or after the trial, indicates to us that the matter "had been corrected to his satisfaction." *Commonwealth* v. *Grammo,* 8 Mass. App. Ct. 447, 457 (1979). The judge's instructions were forceful and were sufficient to dispel any harm that might have occurred.

2. The defendant also argues that the prosecutor misstated the law in closing argument by using the outdated language of "presumption" instead of "permissible inference" with reference to the defendant's possession of recently stolen property. See *Commonwealth* v. *Estremera,* 383 Mass. 382, 391-392 (1981). Defense counsel failed to object to the language used, made no request for curative instructions and, as indicated earlier, made no objection to the charge. "In these circumstances, the defendant[ ]" is "not entitled to appellate review of these . . . remarks as of right." *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978). There is here no basis to infer that the prosecutor's misstatement was made in bad faith, and we note that the judge carefully charged the jury on the defendant's presumption of innocence and the Commonwealth's burden of proof. When considered "in the context of the prosecutor's entire argument, as well as in light of the judge's instruction to the jury and the evidence at trial", *id.,* see also *Commonwealth* v. *Bailey, ante* 104, 107-108 (1981), the prosecutor's incorrect formulation of the law did

not present a risk of a miscarriage of justice. Contrast *Commonwealth* v. *Killelea*, 370 Mass. 638, 646 (1976); *Commonwealth* v. *Kendall*, 9 Mass. App. Ct. 152, 161 (1980).

*Judgment affirmed.*

*John F. Palmer* for the defendant.

*Charles J. Hely*, Assistant District Attorney, for the Commonwealth.